IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT DAVERN, on behalf of himself and all others similarly situated,<br>    Plaintiff<br><br>VS.<br><br>ARROW FINANCIAL SERVICES LLC,<br>    Defendant | § § § § § § § § § | CASE NO. CV-06-6655<br>Feuerstein, J.<br>Lindsay, M.J. |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL

This case has come before the Court for final approval of the Class Action Settlement Agreement and for dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's order of May 25, 2007.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

THE COURT HEREBY FINDS THAT:

1.  The parties entered into a Class Action Settlement Agreement ("Settlement Agreement").

2.  Within ten days of filing the proposed settlement with the Clerk of the Court Defendant complied with the requirements of 28 U.S.C. § 1715.

3. By Order dated May 25, 2007, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of: all individuals in the United States, Puerto Rico, and Guam who, during the period from December 19, 2005 through May 25, 2007:

    a. received a telephone voice message from Defendant;

    b. in which Defendant did not give the notice provided for in 15 U.S.C. § 1692e(11).

4. The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act. Defendant denies Plaintiff's allegations and asserts, *inter alia*, that its conduct was not in violation of that Act. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

5. On May 25, 2007, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a preliminary determination that: (i) the proposed settlement class was potentially certifiable under Fed. R. Civ. P. 23(b); and (ii) the proposed settlement of the claims of the class against Defendant appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

6. The Notice that was approved by the Court and published by Defendant gave fair, adequate, and reasonable notice to the members of the

Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed compensation to the Class, the proposed compensation to the Class Representative, the proposed payment to Class Counsel, and the method by which they could object to the Settlement.

7. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was published in *USA Today* on June 22, 2007.

8. No objections were received.

9. The procedures set forth in the Settlement Agreement and the preliminary approval order for objecting are fair, adequate, and reasonable.

10. The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

11. The Settlement Agreement calls for Defendant to provide the following relief to Plaintiff and the Class:

  A. Defendant shall pay to the Volunteer Lawyer's Project of the Nassau County Bar Association as a *cy pres* distribution on behalf of the Class the total sum of $30,000.00.

  B. Defendant will also pay Plaintiff for his individual claim for statutory damages the total amount of $1,000.00, as provided for in 15 U.S.C. § 1692k, and in consideration of Plaintiff's service to the Class Defendant will enter into a mutual release with Plaintiff.

12. Defendant is also required to bear the costs of class administration, and to pay the reasonable attorney's fees and expenses of Plaintiff's attorney.

13. The settlement is hereby granted final approval.

14. Defendant shall pay the $1,000.00 to Plaintiff and the $30,000 *cy pres* payment within ten days of the date that this order becomes final. The Court finds that Defendant has already deposited into an interest-bearing account a deposit of $25,000.00. That payment shall be credited against Defendant's payment obligations under the settlement, and the interest that has been earned on the deposit shall be added to the *cy pres* payment.

15. The Court finds that Class Counsel has secured such payments for the benefit of the Class, and that he should be compensated for his reasonable and necessary attorney's fees and expenses in this case in the amount of $30,000.00, which is to be paid by Defendant in addition to the compensation to Plaintiff and the Class. Such fees and expenses are to be paid within ten days of the date that this order becomes final.

16. The Court finds the settlement to be fair, adequate and reasonable based upon the limitations on class liability created by 15 U.S.C. § 1692k and the fact that there has been no admission of wrongdoing, and Defendant has not been found to have acted unlawfully. Furthermore, the complete lack of any objections by class members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

17. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.

18. As to any Class Members who are or were involved in bankruptcy proceedings, whose causes of action might otherwise be considered property of the estate as that term is defined by 11 U.S.C. § 541(a), it appears to the Court that: (i) it would have been unlikely that said Members would have been aware of the technical statutory claims of said causes of action; and (ii) the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same. The Court therefore concludes that the claims, if any, belong to the Class Members, that they were the proper parties for notice, and that all such persons are also bound by this final judgment.

**IT IS THEREFORE, ORDERED THAT:**

i. The Settlement Agreement is hereby approved.

ii. For Robert Davern, his heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Arrow Financial Services LLC, SLM Corp., and all of their principals, members, corporate parents, corporate subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights,

damages, costs, attorneys' fees, expenses, and compensation whatsoever that Robert Davern may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, rising pursuant to contract, tort, common law, or regulation, that Robert Davern may have against the parties herein released. Furthermore, all claims, rights, and causes of action that Defendant may have against Robert Davern in his individual capacity are hereby released and forever discharged.

    iii.    For the Class, and the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Arrow Financial Services LLC, SLM Corp., and all of their principals, members, corporate parents, corporate subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which now exist or which may hereafter accrue on or before the last day of the opt-out period relating to or arising out of any alleged violations of 15 U.S.C. § 1692e(11).

    iv.    Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands,

whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have arising out of or relating to the released claims. Defendant hereby agrees that it shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) against Plaintiff or against any member of the Class arising out of the filing of this action.

v. The underlying debts that Defendant was attempting to collect, via the letters at issue, are in no way affected by this judgment, and nothing contained herein or in the Settlement Agreement shall prevent Defendant or its successors in interest from continuing to attempt to collect the debts allegedly owed by the Class Members.

vi. Defendant shall distribute the settlement funds as described above.

vii. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

viii. Except for the relief granted in this judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

ix. This order resolves all claims against all parties in this action and is a final order. The Clerk is directed to close this case.

Signed this 7th day of September, 2007.

<br>

HON. SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE